UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV

ADA MEJIA

    Plaintiff,

v.

JC KINGDOM CORP.

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ADA MEJIA (hereafter "Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint and sues Defendant, JC KINGDOM CORP., (hereafter "Defendant"), and in support avers as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or costs for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., and Section 760.10 of the Florida Statutes to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of gender and sexual harassment found on Plaintiff's complaint of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade, Florida and Defendant is situated in Miami-Dade, Florida, within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business Palm Beach County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Defendant is a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et.seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

9. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq.

10. At all times material hereto Defendant is an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

11. At all times hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

12. Plaintiff is a female former employee of the Defendant is a member of a class of persons protected from discrimination in her employment.

13. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. On or around April 2017, Plaintiff began working with Defendant as an administrator of the company.

16. Plaintiff was an employee for Defendant and worked satisfactory to Defendant's standards.

17. On or around November of 2019, Defendant's owner Russel Padilla began confronting Plaintiff, making her the subject of constant inappropriate sexual harassment which was unwelcomed and unwanted.

18. Such sexual harassment from Russel Padilla made Plaintiff feel uncomfortable at work and created a hostile workplace for her.

19. Russel Padilla began to tell Plaintiff that she should end her relationship with her husband and begin one with him. Plaintiff rejected such proposition and requested that he stop making such comments towards her.

20. Russel Padilla ignored Plaintiff's request and continued to harass Plaintiff. For example, but not limited to: Asking Plaintiff what her husband's penis size was, asking for the

price to purchase nude photos of the Plaintiff and her worn panties, and sending unsolicited photos of himself in underwear to Plaintiff.

21. Regardless of Plaintiff's objections to the sexual harassment, Russel Padilla did not stop his sexual harassment of Plaintiff and instead escalated his behavior.

22. Russel Padilla began touching Plaintiff inappropriately on her buttocks and her breast while she worked around Defendant's workplace. Russel Padilla would also unwelcomely hug Plaintiff from behind and held her for an uncomfortable period of time.

23. As Plaintiff continued to reject and object to Russel Padilla sexual harassment, his behavior towards her became more deprived. Russel Padilla for example, but not limited to: resorted to grabbing Plaintiff's hand and placing it on his penis and also masturbating in his office while Plaintiff was present while he asked if she wanted to touch his penis.

24. In one incident, Russel Padilla had a mattress in his office, where he laid down and grabbed Plaintiff's legs and commanded her to lie down with him. To break free of his grasp, Plaintiff had to fight him off to force him to let go of her.

25. With Russel Padilla's more extreme and perverted actions towards Plaintiff, she began to feel intimidated and as result, created a hostile workplace for Plaintiff to work in.

26. Before the harassment started, Plaintiff's husband financed a car through Russel Padilla in which he was making payments on. At one point while Russel Padilla advances towards Plaintiff's became worse, Plaintiff's husband became late on a payment for the car. Russel Padilla then told Plaintiff that her husband was responsible and wanted his money, however, he would forget the incident if Plaintiff accepted his sexual proposals in lieu of payment.

27. On or about September 26, 2021, Russel Padilla contacted Plaintiff to report to her office while she was home because he needed the key to open the office. Plaintiff drove to the workplace, and when she arrived, Russel Padilla approached the car and reached his hand through the window to touch Plaintiff's vagina while Plaintiff's child was present.

28. Plaintiff endured all these acts of sexual harassment due to her fears of Russel Padilla's retaliation if she reported it these acts and the fact that she has two children outside of this country of whom are economically dependent on Plaintiff's salary.

29. On or around October 2, 2020, Plaintiff was terminated by Russel Padilla over the phone after Plaintiff refused to go back to work to endure the ongoing sexual harassment coming from him. Plaintiff filed a police report on Russel Padilla on October 6, 2020.

30. As a result of Defendant's discriminatory treatment of the Plaintiff based on her sex, the Plaintiff has suffered damages and was forced to retain undersigned counsel.

## COUNT I
## SEXUAL HARASSMENT UNDER TITLE VII

31. Plaintiff reasserts her allegations in paragraph 1-29 as fully set forth herein.

32. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1)   It shall be an unlawful employment practice for an employer:

        (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

33. As part of its prohibitions, Title VII prohibits sexual harassment.

34. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance violation of Title VII.

35. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female) and constituted actionable sexual harassment.

36. Defendant's alleged basis for its adverse conduct against Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the harassing and discriminatory nature of its conduct.

37. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

38. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

39. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

40. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

## COUNT II
## SEX/GENDER DISCRIMINATION UNDER TITLE VII

41. Plaintiff reasserts her allegations in paragraph 1-26 as fully set forth herein.

42. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1) It shall be an unlawful employment practice for an employer:

    (b) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

43. Title VII accordingly prohibits discrimination based on sex.

44. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

45. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

46. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

47. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

48. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

49. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
## SEXUAL HARASSMENT UNDER THE FCRA

50. Plaintiff reasserts her allegations in paragraphs 1- 26 as fully set forth herein.

51. Section 760.10 of the FCRA states in relevant part:

> "(1) It is unlawful employment practice for an employer:
>
> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

52. As part of its prohibitions, the FCRA prohibits sexual harassment.

53. The conduct to which Plaintiff was subjected to was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

54. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female) and constituted sexual harassment.

55. Defendant's alleged bases for its adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

56. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff.

57. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

58. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

59. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages.

## COUNT IV
## SEX/GENDER DISCRIMINATION UNDER FCRA

60. Plaintiff reasserts her allegations in paragraphs 1-26 as fully set forth herein.

61. Section 760.10 of the FCRA states in relevant part

    (1) It is an unlawful employment practice for an employer:

    (b) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

62. The FCRA accordingly prohibits discrimination based on sex.

63. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which female individuals were not and would not have been subjected, in violation of the FCRA.

64. Defendant's alleged bases for its adverse conduct against the Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

65. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors of Defendant's adverse conduct toward Plaintiff.

66. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the

form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

67. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

68. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of the FCRA.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury

Respectfully submitted

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223